IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ANDREW NEWTON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-_____ |
| TEJAS RESEARCH & ENGINEERING, LLC | § § § | |
| Defendant. | § § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff James Andrew Newton ("Plaintiff") files this Original Complaint against Tejas Research & Engineering, LLC ("Defendant") showing the Court as follows:

### **SUMMARY**

1. Plaintiff worked for Defendant as a technician. Plaintiff was deprived overtime compensation from Defendant despite being non-exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. In addition, Plaintiff was not paid at all for certain hours worked and thus did not receive all of his straight-time wages. Plaintiff brings this suit to recover what he is owed under the law.

### **THE PARTIES AND JURISDICTION**

2. Plaintiff James Andrew Newton is a natural person residing within the confines of the Southern District of Texas, Houston Division. Plaintiff has standing to file this lawsuit.

3. Defendant Tejas Research & Engineering, LLC is a Texas limited liability company with its principal place of business in The Woodlands, Texas. Defendant may be served with process through its registered agent, Case Nienhuis, at its registered address, 9185 Six Pines Drive, The Woodlands, Texas 77380.

4.  The Court has personal jurisdiction over Defendants based on general jurisdiction. At all relevant times, Defendant has done business in the State of Texas.

5.  The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically pursuant to the FLSA.

6.  Venue is appropriate under 29 U.S.C. § 1391(b)(2) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## FACTUAL BACKGROUND

7.  Plaintiff worked for Defendant from April 2010 until November 2019. Defendant develops high end tools and operates a research and testing facility servicing the oil and gas industry.

8.  Plaintiff completed testing services for Defendant. Specifically, Plaintiff would take an oilfield services tool, rig it up with tubing and temperature probes to test for pressure and temperature, and simulate ten to twenty years of life on that tool based on downhole completions conditions in order to make sure that the tools functioned according to customer specifications. Plaintiff primarily worked with his hands, employing cranes, forklifts, large pipe wrenches up to forty-eight inches, and smaller hand tools. Plaintiff would then rig the tool down according to the customer's specifications, package it, and prepare it for pickup or shipping to the customer. Plaintiff also sent the testing results to the customer. Finally, Plaintiff cleaned up the shop after the work was done. He was responsible for washing towels and for cleaning up after himself and others.

9.  Plaintiff received a weekly job list that he reviewed every day. The three people that primarily issued tasks that appeared on this list were: 1) Sebastian Nienhuis, Defendant's

Director of Testing and IT; 2) Robert Henschel, Defendant's Chief Operating Officer; and 3) Case Nienhuis, Defendant's Chief Executive Officer.

10. In 2019, during the final calendar year of his employment, Plaintiff did not manage any employees. Plaintiff's primary duty was the performance of manual labor.

11. Plaintiff is not an engineer and received on-the-job training in order to perform this kind of work.

12. Plaintiff reported directly to Sebastian Nienhuis, Director of Testing and IT, who is also the son of Defendant's Chief Executive Officer.

13. Plaintiff was compensated at an annual salary of $140,000.00.

14. Plaintiff typically worked more than 40 hours in a workweek. Defendants did not pay Plaintiff overtime compensation for hours worked over 40 in a workweek. In addition, Defendants did not pay Plaintiff straight-time wages for all of his hours worked.

15. Plaintiff logged his time in Harvest, a time tracking app for employees. However, Plaintiff was not paid hourly. Nor was Plaintiff paid overtime premiums. Instead, Plaintiff's tracked hours were used to track the customer projects he was working on and to bill customers.

16. In 2019, Plaintiff worked an average of 80 hours per workweek. He worked seven days a week most weeks. He estimates that he received six total weekends off in 2019 and worked every other weekend in 2019 while with the company.

17. In April 2019, Plaintiff's hours were in part "furloughed" because of the lack of work that resulted from Defendant losing some contracts with customers. During this time, Plaintiff worked an average of 80 hours a week. However, in order to effectuate a fifteen percent discount in Plaintiff's overall pay, Defendant forced Plaintiff to declare 12 hours during every pay period as "absent with no pay" on his timesheet. Plaintiff did so. Plaintiff was never paid for these

12 hours per pay period, even though Plaintiff worked these hours.  When Plaintiff asked if he and others who were "furloughed" would receive future compensation for these hours to account for the missing pay after toughing it out without pay during the furlough, Plaintiff was told no by Sebastian Nienhuis and that he should be grateful that he has the job.  Although Plaintiff was not paid for the 12 hours per pay period he was docked pay, Defendant's customers were billed for these hours.

## FLSA CLAIM FOR FAILURE TO PAY OVERTIME WAGES

18. The preceding paragraphs of this complaint are incorporated herein.

19. This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq*.

20. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate.  *See* 29 U.S.C. § 207(a)(1).  The exemptions to this rule are narrowly construed and the burden of proof to establish them lies with the employer.  *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  No exemption applies in this case.

21. At all material times, Plaintiff was an employee of Defendant for purposes of the FLSA.  29 U.S.C. § 203(e).

22. At all material times, Defendant was an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

23. At all material times in 2019, Plaintiff was non-exempt under the FLSA.

24. At all material times, Plaintiff worked in excess of 40 hours per seven-day workweek and Defendant knew or should have known that to be true.

-5-

25. At all material times, Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

26. Defendant failed to pay Plaintiff overtime compensation for hours worked over 40 in a seven-day workweek.

27. Accordingly, Plaintiff seeks back pay of his unpaid overtime compensation.

28. Plaintiff is entitled to liquidated damages. An employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

29. Plaintiff is also entitled to court costs and reasonable attorney's fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## **DAMAGES AND PRAYER**

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

    a.    Actual damages in the amount of unpaid wages;

    b.    Liquidated damages under the FLSA;

    c.    Pre-judgment and post-judgment interest;

    d.    Court costs;

    e.    Reasonable attorneys' fees; and

    f.    All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By: /s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

s/ Ahad Khan
Ahad Khan
State Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
akhan@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF